INDEMNITY INSURANCE COMPANY OF NORTH AMERICA
*v.* GEIST.

1. Contracts—Construction—Ambiguities—Insurance.
   Contracts, including insurance policies, which are unambiguous are not open to construction and must be enforced as written.

2. INSURANCE—AUTOMOBILE OPERATORS—INJURIES TO RELATIVES.

Under automobile operators insurance policy protecting assured against losses for personal injuries or property damage accidentally suffered by any one except certain relatives, including father, of any one assured thereunder; designating husband and wife as "named assured" and "additional assured" respectively; and providing for their like treatment under the policy, insurer *held,* not liable for injuries inflicted upon wife's father while husband was operating the car.

Appeal from Wayne; Miller (Guy A.), J. Submitted January 18, 1935. (Docket No. 141, Calendar No. 38,247.) Decided March 5, 1935.

Petition for declaration of rights by Indemnity Insurance Company of North America, a Pennsylvania corporation, against Edgar J. Geist and wife and J. Charles Wood, to determine liability coverage under an automobile operators insurance policy. From declaration of rights, defendants appeal. Affirmed.

*Bishop & Weaver,* for plaintiff.

*Harold S. Knight,* for defendant Wood.

*John J. Fish,* for defendants Geist.

NELSON SHARPE, J. The plaintiff company issued to the defendant Edgar J. Geist a "selected automobile operators policy" pursuant to a written application therefor, and which is made a part thereof, protecting him against losses for bodily injuries or death resulting therefrom and property damage accidentally suffered by any person "resulting from the ownership, maintenance or use of any automobiles of the private passenger type at any location within the United States of America or the Dominion of Canada."

The application contained the following provisions:

"Applicant will complete following for each member of his family residing with him who owns a private passenger automobile or who operates the applicant's automobile(s) and who is to be included in the policy applied for:

"Name: Josephine Geist. Relationship to applicant: Wife. Age: 33. No. of yrs. driving exper.: 10. How many private passenger auto. does he or she own? None. * * *

"If a policy of insurance be issued pursuant to this application, the applicant shall be known as the named assured under said policy. If members of applicant's family residing with him be included thereunder each such member shall be known as an additional assured."

The policy agreement was made subject to the following conditions:

"Additional Assured

"A. It is understood and agreed that the terms and conditions of this policy shall be so extended as to be available, in the same manner as they are available to the named assured, to any member of the named assured's family residing with him, provided such member is named in the application as additional assured and proper premium charge made therefor. It is further understood and agreed that wherever used without qualification the words 'the assured' include named assured and additional assured. * * *

"Exclusions

"C. This policy shall not cover * * * any liability of the assured to any of the following relatives of any person insured hereunder: husband or wife; child or children; father or mother; or sister or brother."

The amount of the insurance was fixed at $10,000, and the policy was to be in force for 12 months after December 30, 1933. The premium payable by Edgar J. Geist for his coverage was $34.50, to which was added $20.70 by reason of Josephine Geist being named as an "additional assured" therein.

While Edgar J. Geist was backing his car out of his garage on March 27, 1934, it struck and seriously injured J. Charles Wood, the father of his wife, Josephine Geist. Wood brought action to recover the damages due thereto, whereupon the plaintiff filed the petition herein, asking for a declaration of the rights of the respective parties under the policy of insurance.

After a consideration of the provisions in the application and policy above set forth, the trial court said:

"It seems that it is perfectly plain and that it means that if either Mr. and (or) Mrs. Geist injures any one of his or her named relatives or those of the other assured the policy is not effective."

A decree was entered declaring that no liability attached to the plaintiff under the policy for the injury to Wood, from which the defendants have appealed.

It is elementary that contracts, including insurance policies, which are unambiguous are not open to construction, and must be enforced as written. *Harrington* v. *Inter-State Business Men's Accident Ass'n*, 210 Mich. 327. In the exclusion clause above quoted it is clearly stated that the policy does not cover "any liability of the assured to any of the following relatives of any person insured hereunder: husband or wife; child or children; father or mother; or sister or brother."

By the terms of the application, Josephine Geist, the wife of Edgar J. Geist, was included in the policy as an "additional assured," and under the provision relating thereto it was stated: .

"It is further understood and agreed that wherever used without qualification the words 'the assured' include named assured and additional assured."

This language is not ambiguous. It clearly relieves the plaintiff from liability for injuries to the father of Mrs. Geist caused by Mr. Geist in the operation of his car. That such was the intent is evidenced by the increase in the premium charge. It was not doubled when the wife was added thereto as an assured, but the liability of the plaintiff was lessened by the application of the exclusion clause to her father.

Counsel for the defendants call our attention to several cases in 72 A. L. R. 1360 *et seq.,* and the annotations thereto, in which liability under policies of this class was involved. The question here presented was not considered or passed upon in any of them.

The decree is affirmed, with costs to plaintiff.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.