WOLVERINE MUTUAL MOTOR INS. CO. *v.* CLARK.

1. COURTS—DECLARATION OF RIGHTS—CONSTRUCTION OF STATUTES—ACTION—EQUITY.

Statute providing for final declaration of rights at the instance of an interested person in case of actual controversy by means of ordinary proceedings at law or in equity or by means of a petition on either side of the court as the nature of the case may require and with trial by jury when declaration or relief shall involve determination of issues of fact triable by a jury *held,* not to permit party, having a purely legal right of action or defense, to bring suit in chancery at his will, serve process anywhere in State and deprive defendant of right of trial in his own locality and by jury of his vicinage; doubtful construction seeming to authorize such practice to be condemned or discouraged under discretionary power of the court (3 Comp. Laws 1929, §§ 13903–13909).

2. SAME—AUTOMOBILE INSURANCE—DECLARATION OF RIGHTS.
   Suit in equity for declaration of rights brought by insurer under automobile insurance policy, relieving it of liability if car was operated by insured's son, against insured and party injured while car was alleged to have been operated by such son *held*, not well laid as to injured party since plaintiff's remedy, whether in defense to action at law by insured or in garnishment by injured party is legal, is adequate, final and not dependent on uncertain future event which could be changed by reason of estoppel (3 Comp. Laws 1929, §§ 13903–13909).

3. JURY—ADVISORY FINDING IN EQUITY—VERDICT AT LAW.
   An advisory finding of a jury in equity does not substitute or compensate for the binding verdict of a jury at law.

4. COURTS—JUDGMENTS AS AFFECTED BY FUTURE EVENTS.
   Judgments whose force may be affected by future events will not be declared (3 Comp. Laws 1929, §§ 13903–13909).

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—AUTOMOBILE INSURANCE—DEFENSE OF SUITS.
   Whether or not automobile indemnity insurer would be under obligation to defend action against insured is not considered in suit by insurer against insured and injured party for binding declaration of rights where declaration is refused insurer in such suit.

POTTER, J., dissenting.

Appeal from Cass; Warner (Glenn E.), J. Submitted April 21, 1936. (Docket No. 43, Calendar No. 38,632.) Decided December 8, 1936.

Bill by Wolverine Mutual Motor Insurance Company against Loron R. Clark and George Schaffner for a declaration of rights on an insurance policy. From denial of motion to dismiss made by defendant Schaffner, he appeals. Reversed and dismissed as to defendant Schaffner.

*Alexander, McCaslin & Cholette* (*Carl D. Mosier,* of counsel), for plaintiff.

*Paul W. Chase* and *W. D. Grommon,* for defendant Schaffner.

FEAD, J. Schaffner, a resident of Hillsdale county, has a claim for personal injuries against Clark, a resident of Branch county, for negligent operation of a motor vehicle, upon which he intends to begin, but has not yet commenced, action. Plaintiff, whose principal place of business is in Cass county, is insurer of Clark on a public liability policy which provides that the coverage shall not be effective when the car is driven by or is under control of Clark's son.

Plaintiff filed petition in chancery in Cass county for declaratory judgment that it has no liability to Clark or Schaffner on account of the injuries and prayed injunction to restrain Schaffner from bringing action for damages. The petition alleged that the car was being driven by or under control of Clark's son and, therefore, plaintiff denies liability. It does not allege that Schaffner claims or admits that the car was being driven by Clark's son. Chancery summons was issued in Cass county and served on Clark in Branch county and on Schaffner in Calhoun county.

Clark did not appear. Schaffner appeared specially and moved to dismiss the proceedings as against him for want of jurisdiction because (1) the action was brought in the wrong county, (2) a court of chancery is the wrong forum, (3) chancery summons is the wrong process, and (4) the proceeding will not lie against Schaffner. In connection with his motion Schaffner filed affidavit averring, on information and belief, that the car was being driven by one Konjola, with the consent of Clark. The court denied the motion to dismiss but also denied injunction against action for damages by Schaffner against Clark.

The questions here presented were not raised in *Indemnity Ins. Co. of North America* v. *Geist*,

270 Mich. 510, nor have they been passed upon by this court.

The statute provides for declaration of rights (1) at the instance of an "interested" person, (2) in case of "actual controversy," 3 Comp. Laws 1929, §§ 13903–13909; *Washington-Detroit Theatre Co.* v. *Moore,* 249 Mich. 673 (68 A. L. R. 105), (3) "by means of ordinary proceedings at law or in equity, or by means of a petition on either the law or equity side of the court as the nature of the case may require," (4) with trial by jury when the declaration or relief "shall involve the determination of issues of fact triable by a jury," (5) with costs following the practice in ordinary cases at law or in equity wherever applicable and in the absence of special rules by the Supreme Court or stipulation of parties, and (6) the declaration of rights to have the effect of a final judgment.

We will assume, but not decide, that there is an "actual controversy" between plaintiff and Clark and that Schaffner is a proper party to the proceeding because he may be adversely affected by a declaration of rights, *Nashville, Chattanooga & St. Louis R. Co.* v. *Wallace,* 288 U. S. 249 (53 Sup. Ct. 345, 87 A. L. R. 1191), although Schaffner has not yet commenced action against Clark, there is no direct relationship, legal or equitable, between plaintiff and Schaffner, and Schaffner is "interested" only if and because he is a creditor of Clark and Clark is a creditor of plaintiff, *Iden* v. *Huber,* 259 Mich. 3; *Rogers* v. *Detroit Automobile Inter-Insurance Exchange,* 275 Mich. 374; *Schudlich* v. *Yankee,* 272 Mich. 482; *Flanagan* v. *Harder,* 270 Mich. 288.

Is plaintiff in the proper forum? It is plain from the whole statute that the remedy must be sought in the appropriate court and "the nature of the case," not the pleasure of the petitioner, is the test of the

forum. It would require clear language to support a holding that the legislature intended so unjust a proceeding as that a party, having a purely legal right of action or defense, may bring a proceeding for declaratory judgment in chancery, at his will, serve process anywhere in the State, and deprive a defendant of his right of trial in his own locality and by a jury of his vicinage. If any doubt exists as to the construction of the statute (and I have none), such practice should be condemned or at least vigorously discouraged under the discretionary power of the court. *Washington-Detroit Theatre Co.* v. *Moore, supra;* 87 A. L. R. 1212.

As presented by the petition, the question of plaintiff's liability on the policy depends upon a single issue of fact, whether Clark's son was driving or in control of the car which hurt Schaffner. Its liability to pay cannot accrue until Schaffner has judgment against Clark. Then, if Clark pays the judgment, his remedy against plaintiff will be an original action on the policy. If Clark does not pay, Schaffner's remedy against plaintiff will be in garnishment. Both remedies are at law, with right to trial by jury. Plaintiff's defense is legal, has no equitable features, and may be made in either law action as completely as it could be made in the present proceeding.

Consequently, this proceeding is not well laid in chancery because "the nature of the case requires" that it be on the law side of the court and also because it "involves the determination of issues of fact triable by a jury." An advisory finding of a jury in equity does not substitute or compensate for the binding verdict of a jury at law.

And, in any event, this proceeding for declaratory judgment will not lie in either court because the petition sets up no grounds of necessity for present de-

claratory judgment as a guide to plaintiff's future conduct in order to preserve its legal rights and because, in the ordinary and regular law action, whether by Clark on the policy or by Schaffner in garnishment, plaintiff has an adequate remedy. *Miller* v. *Siden,* 259 Mich. 19; 87 A. L. R. 1219; *State Farm Mutual Auto Ins. Co.* v. *Wise, post,* 643.

Also, no certainly final judgment, which would be *res judicata* of the rights of the parties, 87 A. L. R. 1213, can be rendered. The most the court could do would be to enter a prophetic judgment, *i. e.,* that plaintiff will or will not be liable to Clark and Schaffner if Schaffner obtains judgment against Clark. Even such a judgment would be contingent because necessarily it would be based upon the existing state of facts, whereas plaintiff's liability does not accrue until the future uncertain event of judgment for Schaffner against Clark, and as to Schaffner until service of his writ of garnishment, *Zabonick* v. *Ralston,* 272 Mich. 247, and, in the meantime, the liability situation could be changed by reason of estoppel. *Kipkey* v. *Casualty Ass'n of America,* 255 Mich. 408; *Peters* v. *Sturmer,* 263 Mich. 494; *Beals* v. *Central Mutual Auto Ins. Co.,* 269 Mich. 477; *Michaelson* v. *Simula,* 264 Mich. 457. Judgments whose force may be affected by future events will not be declared. 87 A. L. R. 1215.

Other reasons suggest themselves for denial of jurisdiction in the discretion of the court but they need not be discussed.

We hold that plaintiff may not maintain the proceeding in equity because its claim is legal, that the proceeding will not lie in either law or equity because plaintiff has an adequate remedy of defense in the regular law actions to which it may be subjected, and because no final judgment may be rendered.

Lest there be misunderstanding, it may be said that as Clark has not appeared nor appealed, we do not pass upon the obligation of plaintiff to defend him in an action for damages. Under some policies the obligation to defend is wholly severable from the final duty to pay the judgment.

Reversed, and the proceeding will be dismissed as to Schaffner, with costs.

North, C. J., and Wiest, Butzel, Bushnell, Sharpe and Toy, JJ., concurred with Fead, J.

Potter, J., (*dissenting*). May 7, 1935, plaintiff, Wolverine Mutual Motor Insurance Company, filed a petition in the circuit court for Cass county in chancery for a declaration of its liability under an automobile insurance policy issued to Loron R. Clark. The policy carried a clause that it "shall not be effective when the insured car is driven by or is under the control of Loron G. Clark, son of the named assured."

December 6, 1934, defendant George Schaffner was injured in a collision with the insured car while it was being driven by Loron G. Clark, in Hillsdale, Michigan, and Schaffner made claim for damages against Clark and threatened suit for such injury. Both the insured and Schaffner claim the insurance company is liable under the policy. The insurance company claims it is not liable.

After service of process herein upon defendants there was appearance and motion to dismiss plaintiff's petition for the reason the trial court did not have jurisdiction; Schaffner was a resident of Hillsdale county and Loron R. Clark, the insured, was a resident of Branch county, and the circuit court for Cass county in chancery was without jurisdiction; the proceeding was not properly brought in chancery

but the dispute between the parties should be determined by a court at law; the circuit court of Cass county obtained no jurisdiction over Schaffner and Loron R. Clark; no proper service could be had upon defendants because in reality the case was a law case and one of the defendants was served in the city of Battle Creek, Calhoun county, Michigan, and the other in the city of Coldwater, Branch county, Michigan; plaintiff could not maintain suit against George Schaffner in relation to the insurance policy because George Schaffner was not a necessary party to that proceeding and could not be restrained by the circuit court for Cass county in chancery from instituting or prosecuting an action at law against the proper defendant, Loron G. Clark, to recover damages for injuries sustained in Hillsdale county; the provisions of the insurance policy limiting its liability were void; and the determination of the construction of the policy could not properly be declared by the circuit court of Cass county in chancery. This motion, having been brought on to be heard, was overruled by the trial court, the trial judge filing a memorandum opinion in which he said:

"The principal place of business of plaintiff is Dowagiac, Cass county, Michigan. Suit in chancery may be filed in the county where one of the parties in interest resides. 3 Comp. Laws 1929, § 13997, subd. 12. When process is issued out of chancery it may be served anywhere within the State where the party upon whom service is to be made may be found. 3 Comp. Laws 1929, § 14090, subd. 1. Declaration of rights may be obtained at law or equity as the nature of the case requires. This petition presents a question for the determination of liability under the policy and such question can be tried only in equity. (3 Comp. Laws 1929, § 13904.) It is applicable although a question of fact is involved. 3 Comp. Laws

1929, § 13906, is available when proceedings are taken at law when the granting of relief 'shall involve the determination of issues of fact triable by a jury.' 'Parties may make such a contract for insurance as they see fit provided it does not contravene any provisions of law.' *Jackson* v. *State Mutual Rodded Fire Ins. Co.,* 217 Mich. 301. A clause of a policy exempting the insurer for operation by any person prohibited by law from driving has been sustained and construed not to cover liability incurred while car was operated without driver's license required by Act No. 91, Pub. Acts 1931. *Zabonick* v. *Ralston,* 272 Mich. 247.

"An examination of the record in *Indemnity Ins. Co. of North America* v. *Geist,* 270 Mich. 510, relied on by plaintiff, shows answers were filed admitting all material allegations of the petition and not raising any question of the availability or application of the declaratory statute."

Defendant Schaffner appeals. He contends the circuit court for Cass county in chancery did not have jurisdiction to make a binding declaration of rights between plaintiff, a resident of Cass county, and Loron R. Clark, a resident of Branch county, and George Schaffner, a resident of Hillsdale county, defendants, both defendants having been served with process in the county of their residence; the circuit court of Cass county in chancery had no jurisdiction under the circumstances of residence and service if a disputed question of fact was involved, such issue being whether at the time and place of the alleged automobile accident an insured car was driven by or under the control of Loron G. Clark, son of the insured defendant, Loron R. Clark; that George Schaffner was not required to submit the disputed issue of fact to a jury in Cass county for determination; that the facts presented by the petition for a

declaration of rights presented such a question relative to the liability of the insurance company as could be tried only in a court of law; and defendant George Schaffner was not required to submit the disputed question of fact to the determination of a jury in Cass county in advance of a contemplated action between himself and the defendant Loron R. Clark in Branch county involving the same disputed question. Appellee accepts the statement of questions involved set forth in appellant's brief.

A declaration of rights and determination of questions of construction may be obtained by proceedings at law or in equity. 3 Comp. Laws 1929, § 13904; 3 Searl, Michigan Pleading & Practice, § 1319.

If defendants were proper parties to a suit in equity brought for the purpose of obtaining a declaration of rights, service could be made upon the defendants, or either of them, anywhere in the State of Michigan. 3 Comp. Laws 1929, §§ 13997, 14090.

The questions raised were properly raised by a motion to dismiss which takes the place of demurrer in chancery. 3 Comp. Laws 1929, § 14120.

The practice herein is warranted by *Lawrence* v. *American Surety Co. of New York,* 263 Mich. 586 (88 A. L. R. 535); *Indemnity Ins. Co. of North America* v. *Geist,* 270 Mich. 510; Borchard, Declaratory Judgments, pp. 490–497.

Decree of the trial court should be affirmed, with costs.