MAINE BROADCASTING COMPANY, INC.

*vs.*

EASTERN TRUST & BANKING COMPANY and THOMPSON L. GUERNSEY.

Penobscot. Opinion, October 19, 1946.

*Verrill, Dana, Walker, Philbrick & Whitehouse,* for petitioner.

*Edgar M. Simpson,*

*James E. Mitchell,* for defendant, Eastern Trust & Banking Co.

*Eaton & Peabody,* for defendant, Thompson L. Guernsey.

SITTING: STURGIS, C. J., THAXTER, HUDSON, TOMPKINS, FELLOWS, JJ.

THAXTER, J. We are concerned here with a petition for a declaratory judgment brought under the provisions of P. L. 1941, Ch. 233, now embodied in Rev. Stat. 1944, Ch. 95, Secs. 38-50. The original petition sought to have declared invalid as *ultra vires* an alleged endorsement by the petitioner on a promissory note for $50,500 given by the defendant, Thompson L. Guernsey, to the defendant, Eastern Trust & Banking Co. Guernsey filed an answer to this petition; the defendant, Eastern Trust & Banking Co., demurred on the grounds (1) that the facts as stated did not make out a case, (2) that the plaintiff had an adequate remedy at law, and (3) that the court had no jurisdiction. This demurrer was overruled by the sitting justice and the defendant, bank, reserved exceptions. It then filed an answer, one allegation of which was that it did not hold any note of the defendant, Guernsey, endorsed by the petitioner. The plaintiff then moved to amend by substituting a new petition setting forth that the plaintiff was a joint maker with Guernsey on a demand note for $50,500 dated June 25, 1941 payable on demand to the said Eastern Trust & Banking Co.; that the signing of the note by the plaintiff was for the accommodation of Guernsey and was *ultra vires,* and because of such

invalidity it asked for a decree that it was not liable on the note. The defendant, bank, objected to the allowance of the amendment, on the ground that it introduced a new cause of action, and, to the overruling of its objection took an appeal. Both defendants then answered the amended petition; and, after the filing of replications by the petitioner, the case went to a hearing. The sitting justice filed carefully considered findings and entered a decree sustaining the prayer of the petition and holding that the plaintiff was free of any liability on the note. From this decree the defendant, bank, has appealed.

This appeal brings before us among other issues that raised by the demurrer to the original petition, that the court to which the petition was presented had no jurisdiction. It is to this vital question that we shall address ourselves.

This is the first case under the Uniform Declaratory Judgments Act to be brought before this court. Most of the states have statutes on this subject and the majority have acts similar to our own. There is also a federal statute giving to the United States courts the right to grant this form of relief. Act of June 14, 1934, 48 Stat. at L. 955, Chap. 512, Judicial Code, Sect. 274D, 28 U. S. C. A., Sect. 400. These acts have uniformly been held constitutional. *Nashville, C. & St. L. Ry. Co.* v. *Wallace*, 288 U. S., 249, 77 L. Ed., 730, 87 A. L. R., 1191; Borchard: Declaratory Judgments (2 ed.) 150. It is essential that a controversy exist; for otherwise the petition would seek only an advisory opinion of the court. As to what constitutes a controversy see the opinion of Chief Justice Hughes speaking for a unanimous court in *Aetna Life Insurance Company of Hartford, Conn.* v. *Haworth*, 300 U. S., 227, 81 L. Ed., 617, 108 A. L. R., 1000. A proceeding for a declaratory judgment may be maintained even though another remedy is available. To hold otherwise would do violence to the statute which provides in Sec. 1 that the remedy is available "whether or not further relief is or could be claimed." For a discussion of this subject see *Stephenson* v. *Equitable Life Assur. Soc.* 92 F., 2d, 406, 408; *Schaefer* v.

*First National Bank of Findlay,* 134 Ohio St., 511, 18 N. E., 2d, 263, 265. It should furthermore be borne in mind that the statute in question is remedial and should receive a liberal interpretation in order that the purpose which the legislature had in mind in enacting it may not be thwarted. The act declares in Sec. 15, now Rev. Stat. 1944, Ch. 95, Sec. 50, that its provisions "shall be so interpreted and construed as to effectuate their general purpose to make uniform the law of those states which enact them, and to harmonize, as far as possible, with federal laws and regulations on the subject of declaratory judgments and decrees; . . . ."

The purpose of this statute is not to enlarge the jurisdiction of the courts to which it is applicable but to provide a more adequate and flexible remedy in cases where jurisdiction already exists. The act by its very terms so indicates. It says in Sec. 1, P. L. 1941, Ch. 233, "Courts of record within their respective jurisdiction shall have power . . . ." Mr. Anderson says: " . . . it is the undoubted weight of authority, sustained upon unassailable reasons, that the declaratory judgment statutes do not have the effect of increasing or enlarging the jurisdiction of the courts." Anderson: Declaratory Judgments, 81. And Mr. Borchard in his work on this subject says: "It is an axiom that the Declaratory Judgments Act has not enlarged the jurisdiction of the courts over subject matter and parties, although it manifestly has opened to prospective defendants—and to plaintiffs at an early stage of the controversy—a right to petition for relief not heretofore possessed. In that sense, it has decidedly extended the power of courts to grant relief in cases otherwise within their jurisdiction to pass upon." Borchard: Declaratory Judgments (2 ed.) 233. Such also has been the view of the majority of courts which have had this problem before them. As examples we call attention to the following cases: *Aetna Casualty & Surety Co. v. Quarles,* 92 F., 2d, 321; *Davis v. American Foundry Equipment Co.,* 94 F., 2d, 441, 115 A. L. R., 1486; *Mississippi Power & Light Co. v. City of Jackson,* 116

F., 2d, 924; *Nashville, C. & St. L. Ry. Co.* v. *Wallace,* supra; *Aetna Life Ins. Co.* v. *Haworth,* supra. See also for a discussion of this subject *Sheldon* v. *Powell,* 99 Fla., 782, 792, 128 So., 258. All of these cases indicate that the purpose of Uniform Declaratory Judgments Act is to give a new remedy in cases where jurisdiction exists.

The petition in the case before us is addressed to the Supreme Judicial Court as if the proceeding were in equity. But a petition for a declaratory judgment is not a proceeding in equity, merely because in form the procedure may be equitable. That the petitioner assumed it to be an action in equity is, however, immaterial if the subject matter is of such a nature that the court to which the petition is addressed may give the desired relief. As a matter of fact the relief may be availed of either in courts of equity or in courts of law, *Stephenson* v. *Equitable Life Assur. Soc.,* supra; but the action must be brought in that court which has jurisdiction of the subject matter. *Wolverine Mut. Motor Ins. Co.* v. *Clark,* 277 Mich., 633, 270 N. W., 167; *Ewing Tp.* v. *City of Trenton,* 137 N. J., Eq. 109, 43 A., 2d, 813; *Aetna Casualty & Surety Co.* v. *Quarles,* supra.

In the Michigan case, *supra,* the plaintiff filed a petition in chancery seeking a declaratory judgment that it had no liability to the defendants under a certain insurance policy. In reversing a ruling of the trial court the opinion says, page 636:

> "Is plaintiff in the proper forum? It is plain from the whole statute that the remedy must be sought in the appropriate court and 'the nature of the case,' not the pleasure of the petitioner, is the test of the forum. It would require clear language to support a holding that the Legislature intended so unjust a proceeding as that a party, having a purely legal right of action or defense, may bring a proceeding for declaratory judgment in chancery, at his will, serve process anywhere in the State, and deprive a defendant of his right of trial in his own locality and by a jury of his vicinage."

In the New Jersey case, *supra,* in holding that there was no jurisdiction, the court said, 43 A., 2d, 815:

"However, it must be conceded that under the express terms of the act, the controversial or doubtful question must be one within the jurisdiction of the court in which the declaratory judgment or decree is sought. A declaration of legal rights may be had only in the courts of law."

In *Aetna Casualty & Surety Co.* v. *Quarles,* supra, page 325, the court said:

"The company seems to think that by asking a declaratory judgment it became entitled to a trial in equity without a jury and that this is a sufficient reason for granting declaratory relief notwithstanding the institution of the action on the policy; but this is clearly not the case as the defense to determine which the declaratory judgment was sought was legal and not equitable in character. Where the issues raised in a proceeding for a declaratory judgment are of this nature, they must be tried at law if either party insists upon it, for the statute so provides. 28 U. S. C. A., Sect. 400(3). And, irrespective of this provision of the statute, it is clear that the right of jury trial in what is essentially an action at law may not be denied a litigant merely because his adversary has asked that the controversy be determined under the declaratory procedure."

In the instant case, the question whether the plaintiff was liable on the note is a legal question, which, since January 1, 1930, has been exclusively cognizable in the Superior Court. P. L. 1929, Ch. 141, Sec. 7; Rev. Stat. 1930, Ch. 91, Sec. 15; Rev. Stat. 1944, Ch. 94, Sec. 5. The sitting justice was apparently satisfied that there was no basis for equitable relief; and he did not base his decision that the Supreme Judicial Court had jurisdiction on the ground that the issue submitted was equitable. He held in effect that it was the purpose of the Uniform Declara-

tory Judgments Act to give to the Supreme Judicial Court and to the Superior Court concurrent jurisdiction over all actions where declaratory judgments should be sought. He said: "Notwithstanding the words 'within their respective jurisdictions', in Section 1 of the Act, it seems apparent that the legislation contemplated original concurrent jurisdiction for declaratory judgments in the Supreme Judicial and the Superior Courts." In this we feel he was in error; for in our opinion it was not the intention of the legislature in enacting the Uniform Declaratory Judgments Act to enlarge the jurisdiction of either court, but merely to provide a new remedy where jurisdiction already existed.

> *Appeal sustained. Case remanded to the court below with direction that the petition be dismissed for want of jurisdiction, but without prejudice to the right to bring a new petition in the appropriate court.*