INHABITANTS OF THE CITY OF LEWISTON

*vs.*

ERNEST H. JOHNSON

IN HIS CAPACITY OF STATE TAX ASSESSOR

Androscoggin.    Opinion, July 12, 1952.

*Frank M. Coffin, Corporation Counsel,* for Plaintiff.

*Boyd L. Bailey, Assistant Atty. Gen.,*
*Miles P. Frye, Assistant Atty. Gen.,* for Defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

THAXTER, J. This case on report to this court was brought under the provisions of R. S., 1944, Chap. 95, Secs. 38-50, in which the petitioners seek a declaratory judgment.

The specific amount involved is very small, twelve cents; but the principle involved concerning as it does the interpretation of the so-called sales and use tax law passed by the legislature in 1951 is important. P. L., 1951, Chap. 250. At least it would be important if the contentions of the petitioners were valid. It was properly brought in the Superior Court for Androscoggin County; and is an action at law. In discussing the applicability of this statute to cases at law and in equity in *Maine Broadcasting Co.* v. *Eastern Trust & Banking Co. et al.*, 142 Me. 220, 223, this court said: "The purpose of this statute is not to enlarge the jurisdiction of the courts to which it is applicable but to provide a more adequate and flexible remedy in cases where jurisdiction already exists."

The contention of the City of Lewiston is that it was justified in assessing water bills to city water consumers without adding the 2% sales tax which the defendant, the State Tax Assessor, seeks to collect. The validity of that tax is the only issue in this case, and this court is asked to direct the Superior Court to enter final judgment in accordance with its findings on that question.

The defendant claims that the petitioners are engaged in the sale of tangible personal property on which the sales tax can be collected.

The sale of water from the mains of the City of Lewiston is a sale of personal property within the meaning of the

sales and use tax statute. Such obviously was the intent of the legislature. How else could we construe section 3 of the sales and use tax law which reads in part as follows:

> "A tax is hereby imposed at the rate of 2% on the value of all tangible personal property, sold at retail in this state on and after July 1, 1951, measured by the sale price, except as in this chapter provided. Retailers shall pay such tax at the time and in the manner hereinafter provided, and it shall be in addition to all other taxes.
>
> "The tax imposed upon the sale and distribution of gas, water or electricity by any public utility, the rates for which sale and distribution are established by the public utilities commission, shall be added to the rates so established. No tax shall be imposed on electrical energy sold by a wholly owned subsidiary to its parent company. No tax shall be imposed on water stored for the purpose of generating electricity when the water so stored is sold by a subsidiary to its parent company."

Why was it necessary to exclude water "stored" for the purpose of generating electricity where sold by a subsidiary to its parent company, if water as such was not subject to the tax at all? How could it be made any plainer that the legislature intended to tax the sale and distribution of water than by saying "the tax imposed upon the sale and distribution of water" shall be added to the rates established by the public utilities commission?

Certainly the intent of the legislature is crystal clear so far as they could make it so. Is there any reason why that intent cannot be carried out?

Many cases are cited to us by counsel for the City of Lewiston to the effect that water is not subject to ownership, a person cannot "be seised of water" as the argument says; but seisin, as in the case of land, or possession, as in the case of chattels, is not necessary in order that water may

be subject to taxation under the sales and use tax law. In a sense water may be regarded as the property of all and free to all; but these general phrases must be read in their context and not used in the abstract to defeat the purpose of the legislature in taxing water as personal property is taxed under the sales and use tax law.

And even though the water in Lake Auburn, a great pond, may be in a sense held "in trust for the use of the people of the State," *Opinions of the Justices,* 118 Me. 503, such trusteeship is a qualified one and is subject to the right of the state to provide that such water may be used by a public utility or a municipality for the common benefit of the people in its neighborhood. When such control over the waters is lawfully exercised, as in this instance it was, by confining it within pipes, aqueducts or other instrumentalities, and delivering it to customers of the water company or municipality, it becomes personal property which is subject to taxation under the sales and use tax law.

Answering specifically the questions propounded by the petitioners in their petition for a declaratory judgment, we are of opinion that:

(a) The petitioners are engaged in the sale at retail of tangible personal property within the meaning of sections 2 and 3 of the sales and use tax act;

(b) The petitioners are required to collect the tax as provided in sections 3 and 5 of the sales and use tax act;

(c) The petitioners are required to make reports and payments as provided in sections 12 and 13 of the sales and use tax act.

> *Case remanded to the Superior Court for the entry of a declaratory judgment decree in accordance with this opinion.*