**Harold H. HILL**

v.

**Garrell S. MULLANEY.**

Supreme Judicial Court of Maine.

Nov. 18, 1974.

Aldrich & Turner by Rupert F. Aldrich, Craig E. Turner, South Paris, for plaintiff.

Courtland D. Perry, Asst. Atty. Gen., Augusta, for defendant.

Before DUFRESNE, C. J., and WEATH-ERBEE, POMEROY, WERNICK, ARCH-IBALD and DELAHANTY, JJ.

WERNICK, Justice.

In December, 1971 plaintiff, Harold S. Hill, pleaded guilty in the Superior Court (Oxford County) to each of two counts of an indictment alleging felonious homicide punishable as manslaughter. Adjudicated convicted, plaintiff was sentenced on each count to seven and one-half to fifteen years in the Maine State Prison.

Concerning the first count the judgment of conviction, embodying the sentence, stated:

"defendant to be punished by imprisonment, . . ., for not less than 7½ years and not more than 15 years to run *consecutively with count #2* of the . . . indictment, . . .." (emphasis supplied)

As to the second count, the judgment read:

"defendant to be punished by imprisonment, . . ., for not less than 7½ years and not more than 15 years to run *consecutively with count #1* of the . . . indictment, . . .." (emphasis supplied)

Under date of January 18, 1974 plaintiff initiated the instant action in the Superior Court (Oxford County) seeking declaratory adjudication that the judgments cannot be held to run consecutively and "mean" that they "shall run concurrently."

The only allegations in the complaint by which plaintiff purports to assert subject-matter jurisdiction in the Superior Court are: (1) plaintiff is presently confined in the Maine State Prison under the custody

of the defendant, Warden Garrell S. Mullaney, and (2) plaintiff is

".  .  . in great doubt as to the amount of time he shall be required to serve and  .  .  . as to which sentence or judgment and commitment he is now serving, and  .  .  ., whether or not the sentences  .  .  . [are] running concurrently."

Defendant did not participate in the proceedings in the Superior Court, neither appearing nor filing pleadings.

On April 24, 1974 the Justice presiding in the Superior Court, acknowledging that the

".  .  . matter came on for hearing with the Plaintiff represented but no one appearing for the Defendant",

ruled that the sentencing judgments run consecutively such that

"[a]fter  .  .  . [Harold H. Hill] has served his sentence on Count I, he shall immediately in the manner prescribed serve his sentence on Count II immediately following without gap."

From the judgment entered on this decision plaintiff has appealed to this Court. Plaintiff contends that the Justice of the Superior Court erred and that, by the very manner of their rendition, the sentences are incapable, in law, of running consecutively and must be held, as a matter of law, to be running concurrently.

We sustain the appeal without reaching the issue submitted by plaintiff. We conclude that the Superior Court lacked jurisdiction of the subject-matter of the cause and, hence, the judgment rendered by it is a nullity which must be ordered vacated.

In Walsh v. City of Brewer, Me., 315 A.2d 200 (1974), recapitulating the substance of this Court's first consideration of the Maine "Declaratory Judgments Act", (14 M.R.S.A. § 5951 et seq.) in Maine Broadcasting Company, Inc. v. Eastern Trust & Banking Company, et al., 142 Me. 220, 49 A.2d 224 (1946), and several of our subsequent decisions, we stated:

".  .  . plaintiff's resort,  .  .  ., to the 'declaratory judgment' authority of the Superior Court, as conferred by Maine's 'Declaratory Judgments Act',  .  .  ., does not establish a *subject-matter jurisdiction* by which the Superior Court achieves power to act.

\*  \*  \*  \*  \*  \*

"Notwithstanding,  .  .  ., that plaintiff has called his complaint a 'Complaint for Declaratory Judgment', the subject-matter jurisdiction of the Superior Court derives not from the label but from the substantive gravamen of the complaint." (pp. 209, 210 of 315 A.2d)

Most recently in Berry v. Daigle, et al., Me., 322 A.2d 320 (1974) we reaffirmed this approach with the pronouncement:

"Although the Declaratory Judgments Act expands the range of available relief, it does not relax the requirements of justiciability necessary to present the Court with a judicable controversy." (p. 325 of 322 A.2d)

In re Richards, Me., 223 A.2d 827 (1966) elucidated that the foregoing principle springs from constitutional roots. Quoting from Maine Broadcasting Company, Inc. v. Eastern Trust & Banking Company, et al, supra, we stressed:

" 'It is essential that a controversy exist; for otherwise the petition [for Declaratory Judgment] *would seek only an advisory opinion of the Court.*' " (p. 829 of 223 A.2d)

We added:

".  .  . neither the Law Court nor any other constituted court in this state has the constitutional authority to render purely advisory opinions,  .  .  .." (p. 829 of 223 A.2d)

In the case at bar, the substantive allegations of the complaint reveal the ab-

sence of an actual controversy between the plaintiff and the defendant Warden of the Maine State Prison concerning the issue upon which plaintiff seeks adjudicative declaration. The complaint states only that "plaintiff is in . . . doubt." Absent is any claim that defendant Warden has stated doubts or has adopted a point of view which differs from the legal interpretation sought by plaintiff.

Having before it no actual judicable controversy between the parties, the Superior Court was constitutionally denied power to act, and, for this reason, lacked jurisdiction of the subject-matter of the case.

The purported judgment of the Superior Court is, therefore, a nullity which must be ordered vacated.

The entry is:

Appeal sustained.

Judgment of the Superior Court vacated.

All Justices concurring.