EDWIN O. HEALD *vs.* CLARENCE D. PAYSON et als.

EDWARD M. BENNER *vs.* CLARENCE D. PAYSON et al.

Knox.   Opinion January 6, 1913.

*Candidate.   Chapter 6, Section 70-73, of the Revised Statutes.   Election.*
*Equity.   Exceptions.   Ineligibility.   Irregularity.   Mandamus.*
*Minority.   Peremptory Writ.   Plurality.   Votes.*

1. When a case is before the Law Court upon exceptions, and by change of conditions or otherwise, the questions involved have become merely moot questions, and neither party has any further interest in their determination, the exceptions will be dismissed, without consideration.
2. A candidate receiving less than a plurality of the votes cast at an election is not elected, even if the opposing candidate receiving a plurality of the votes is ineligible.  Votes cast for an ineligible candidate are at least so far effective as to prevent the election of a candidate who received a less number of votes.
3. If, as it has sometimes been held, the rule does not apply where the electors have full knowledge of the ineligibility of the candidate, in this case, the candidate receiving a plurality of the votes was eligible, and it is not shown that the electors had knowledge of any irregularity or imperfection in the ballot, if any such there was.
4. A candidate, who did not receive a plurality of all the votes cast for a county office, cannot maintain a petition under R. S., Chapter 6, Section 70, to try the title of his adversary.

*Edwin O. Heald,* Pet'r. v. *Clarence D. Payson* et als.   On exceptions by respondent.   Exceptions dismissed.

*Edward M. Benner* v. *Clarence D. Payson* et al.   Petitioner, as in equity.   Petition dismissed with single bill of costs.

In the case of *Benner* v. *Payson* et al., which was a petition as in equity under Revised Statutes, Chapter 6, Section 70, the petitioner claimed that he was legally elected to the office of Register of Probate for Knox County at the September Election of 1912.  It is agreed that any evidence in *Heald* v. *Payson* may be considered in *Benner* v. *Payson* and any evidence in *Benner* v. *Payson* may be

considered in *Heald* v. *Payson,* provided same is legally admissible. It is agreed that the official return of the vote at the September election of 1912 for Register of Probate shall be considered a part of the case. The case was reported to the Law Court for determination.

The case is stated in the opinion.

*R. I. Thompson,* for Heald.

*M. A. Johnson,* for Benner.

*Williamson, Burleigh & McLean,* for respondents.

SITTING: WHITEHOUSE, C. J., SAVAGE, CORNISH, KING, BIRD, JJ.

SAVAGE, J.  The first of these cases is a petition for mandamus to compel the ward clerk of ward 3 in Rockland to correct the record of the votes cast for the democratic candidates for register of probate, at the primary election held June 17, 1912. The peremptory writ was awarded, and the respondent excepted.

The second case is a petition, as in equity, under R. S., Chap. 6, Sect. 70, wherein the petitioner claims that he was legally elected to the office of register of probate for Knox County, at the September election, 1912. The case comes up on report. The two cases relate, in effect, to the same subject matter.

The history of the case, and the contentions of the parties, briefly stated, are these. Heald and Payson were both candidates for the nomination of register of probate in Knox county at the primary election in June, 1912. The names of both were on the democratic official ballot. On the face of the returns throughout the county it appeared that Payson had been nominated. Heald claimed that there was an error in the record of the votes cast in Ward 3, Rockland, and in the returns thereof, which if corrected according to the fact, would show that he had received a majority of the votes cast, and was therefore legally nominated. Heald brought a petition for mandamus to compel the ward clerk to correct the record and return. The peremptory writ was granted and the corrections were made. After the writ was granted, as it seems, the exceptions in this case were allowed. It is unnecessary to inquire into the merits of the controversy as presented to the governor and council. In the end that body decided to place the name of Payson upon

the official ballot to be used at the September election.   Benner was the republican candidate for the office of register of probate, whose name appeared upon the same ballot.   At the election in September, Payson received a large plurality of the votes over Benner.

Benner's contention is that Heald was lawfully nominated as a candidate for the office of register, and should have been so declared by the governor and council, that Heald's name, instead of Payson's, should have been placed upon the official ballot for the September election, that the placing of Payson's name upon the ballot was unlawful, and that therefore all ballots cast for Payson are to be deemed null, and to be entirely disregarded, and not to be counted for any purpose.   Upon that view of the case, the petitioner, Benner, claims that he received a plurality of all the votes that can legally be regarded and counted, and that he is entitled to judgment for the office.

We do not agree with the conclusion.   Whatever may be said in regard to Payson's nomination, it is patent that Benner was not elected.   It is fundamental that minorities cannot elect or rule.   By the overwhelming weight of authority in this country, a candidate receiving less than a plurality of the votes cast is not elected, even if the opposing candidate receiving a plurality of the votes is ineligible.   The votes cast for an ineligible candidate are at least so far effectual as to prevent the election of a candidate who received a less number of votes.   Of the many authorities sustaining this proposition, we cite the following:   *Crawford* v. *Dunbar,* 52 Cal., 36; *State* v. *Swearingen,* 12 Ga., 23; *People* v. *Molitor,* 23 Mich., 341; *Barnum* v. *Gilman,* 27 Min., 466; *State* v. *Vail,* 53 Mo., 97; *State* v. *Anderson,* 1 N. J. Law, 366; *People* v. *Clute,* 50 N. Y., 451; *Com.* v. *Cluley,* 56 Pa. St., 270; In re Corliss, 11 R. I., 638; *State* v. *McGeary,* 69 Vt., 461; *State* v. *Smith,* 14 Wis., 497.   In some of these cases, following the English authorities, it is held that the rule does not apply where the electors have full knowledge of the ineligibility of the candidate.   In some cases it is held that the rule does apply even when the candidate for whom the greater number of votes were cast dies before the election is completed, or indeed if there be no such person as the one named on the greater number of the ballots.

In this case the general rule must be applied. Payson was not dead. He was not ineligible. There was no reason why, at the election, any voter, who chose to do so, should not vote for him. A plurality did vote for him. There is nothing to show that the electors had knowledge of any irregularity or imperfection in the ballot, within the English rule, even if we assume that such an irregularity or imperfection existed. On the contrary, each elector was given, for marking, an official ballot prepared by authority of the State, on which Payson's name appeared.

There is no escape from the conclusion that Benner was not elected. That being so, we have no occasion to examine the other numerous questions raised in argument. If Benner was not elected, he cannot maintain this petition, under R. S., Chap. 6, Sect. 70. If he was not elected, he cannot have Payson ousted in this proceeding. It is only when a petitioner shows himself entitled to an office that "the court may issue an order to the party unlawfully claiming or holding said office, commanding him to yield up to the officer who has been adjudged to be lawfully entitled thereto, said office." R. S., Chap. 6, Sect. 73. Unless Benner shows himself elected, he cannot demand an ouster of Payson. It results that Benner's petition must be dismissed.

The foregoing conclusion in the case of *Benner* v. *Payson* virtually disposes of the case of *Heald* v. *Payson*. Nothing is left in it but moot questions. Neither party has any further interest in their determination. To overrule or to sustain the exceptions will not now affect either party's right. Therefore the exceptions should be dismissed.

Accordingly, the certificate will be,—in *Heald,* Pet'r. v. *Payson* et als,

*Exceptions dismissed.*

In *Bener* v. *Payson* et al.,

*Petition dismissed, with single bill of costs.*