STATE EX REL. FORD, RELATOR, *v.* CUTTS, RESPONDENT.

(No. 3,998.)

(Submitted February 20, 1917. Decided February 21, 1917.)

[163 Pac. 470.]

*Quo Warranto—State Legislature—Right to Seat—Supreme Court—Jurisdiction—Moot Questions.*

*Quo Warranto*—Legislature—Right to Seat—Supreme Court—Jurisdiction.
   1. Since each house of the legislative assembly is, under section 9, Article V, of the state Constitution, the judge of the ultimate right of persons to seats as members thereof, the supreme court is without jurisdiction to entertain a proceeding in *quo warranto* to determine such right.

Courts—Moot Questions.
   2. Courts will not determine abstract questions of law.

Original *quo warranto* proceeding by the State, on relation of S. C. Ford, Attorney General, against William Cutts. Application denied.

*Mr. S. C. Ford,* Attorney General, for Relator.

## Opinion: PER CURIAM.

Application under section 6951, Revised Codes, by S. C. Ford, attorney general, for an order directed to William Cutts, requiring the latter to show cause why the attorney general should not have leave to file a complaint in the nature of *quo warranto* to try the right of William Cutts to act as a member of the House of Representatives, Fifteenth Session. The petition shows that upon the death of Jerry J. Flanigan, a duly elected member of said House of Representatives for the county of Silver Bow, the governor of this state issued to Mr. Cutts a commission as such member to fill the vacancy thus caused; that such commission was presented to the House of Representatives and referred to its committee on privileges and elections; that pursuant to the report of said committee Mr. Cutts was seated by the house as such member, has since acted, and will, unless ousted, continue to act as such.

We cannot and should not take jurisdiction of this proceeding because it must end in nothing. Each house is the judge of the ultimate right of persons claiming seats as members thereof (Const., Art. V, sec. 9; *State ex rel. Thompson* v. *Kenney,* 9 Mont. 223, 232, 23 Pac. 733), and its decision, right or wrong, is conclusive upon us (*State ex rel. Smith* v. *District Court,* 50 Mont. 134, 138, 145 Pac. 721; Cooley's Constitutional Limitations, 7th ed., p. 189, and cases cited, note 1). Being powerless to enforce any judgment of ouster against a person recognized by either house as a member thereof, the utmost we could do would be to decide an abstract question of law; the courts of this state are not instituted for that purpose.

The application is denied.