HENRY L. WITHEE, County Attorney for the County of Knox,
In behalf of the STATE OF MAINE, In Equity,

*vs.*

LANE & LIBBY FISHERIES COMPANY.

Knox.    Opinion March 30, 1921.

*A county attorney not being a common law officer, can not exercise common law powers as the attorney general is authorized to do. There is no statute that authorizes him to bring a bill in equity in his own name for the abatement of a public nuisance.*

The bill of complaint in this case is as follows:

To the Supreme Judicial Court.    In equity.

Henry L. Withee, County Attorney of Knox County, in behalf of the State of Maine, complains against Lane-Libby Fisheries Company, a corporation existing by law and having its place of business at Vinalhaven, Knox County, Maine, and says:

In these lines naming the party in whose name and in whose behalf the bill is brought, is raised the issue involved in the case, namely:  Is a county attorney authorized by the common law or by statute to bring a bill for the abatement of a nuisance in behalf of the State in his own name?

To the bill, the defendant demurred and after hearing upon the merits, the bill having been sustained, an injunction granted and the demurrer overruled, the defendant filed exceptions to the decision of the court in overruling the demurrer and asserts the following objection to the maintenance of the bill. (1)   That there is no proper plaintiff.   (2)   That the bill does not set out a cause for the intervention of the court in equity.

We need, however to consider the first objection only.   It is claimed that Henry L. Withee is not a proper plaintiff to the bill.   While conceding for the purpose of argument that the bill might be sustained with the State of Maine as plaintiff, or by the attorney general in his official capacity, as representing the public interests, as plaintiff, the defendant, nevertheless, claims that does not follow therefrom that such a bill can be maintained in the public interest with the county attorney as plaintiff therein.

*Held:*

1.  That the county attorney is not a common law officer.

2.  That he cannot exercise common law powers as the Attorney-general is authorized to do.

3.  That there is no statute that authorizes the county attorney to bring a bill in equity in his own name for the abatement of a public nuisance.

4.  That on the contrary, R. S., Chap. 23, Sec. 1, by implication, under the rule of exclusion would seem to negative the plaintiff's contention.

5.  That the bill should be dismissed for want of a proper party, plaintiff.

On exceptions.   This is a bill in equity brought by the complainant in his own name as county attorney to restrain the defendant in the operation of its glue plant at Vinalhaven, alleging it to be a public nuisance.

The defendant incorporated in its answer a general demurrer, which was overruled, and after hearing upon the merits, the bill having been sustained and an injunction granted, the defendant filed its exceptions to the overruling of the demurrer, and the question presented was as to whether the bill was maintainable, on the grounds that there was no proper plaintiff, and that the bill did not set out a cause for the intervention of the court in equity.   The first objection only was considered by the court.   Bill dismissed for want of a proper party plaintiff.

· Case is stated in the opinion.

*H. L. Withee*, for plaintiff.

*A. S. Littlefield*, for defendant.

SITTING:  CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

·· SPEAR, J.·  The bill of complaint in this case is as follows: ·

To THE SUPREME JUDICIAL COURT.                    In Equity.

Henry L. Withee, County Attorney of Knox County, in behalf of the State of Maine, complains against Lane-Libby Fisheries Company, a corporation existing by law and having its place of business at Vinalhaven, Knox County, Maine and says:

In these lines naming the party in whose name and in whose behalf the bill is brought, is raised the issue involved in the case, namely: Is a county attorney authorized by the common law or by statute to bring a bill for the abatement of a nuisance in behalf of the State in his own name?

To the bill, the defendant demurred and after hearing upon the merits, the bill having been sustained, an injunction granted and the

demurrer overruled, the defendant filed exceptions to the decision of the court in overruling the demurrer and asserts the following objection to the maintenance of the bill. (1) That there is no proper plaintiff. (2) That the bill does not set out a cause for the intervention of the court in equity.

We need, however to consider the first objection only. It is claimed that Henry L. Withee is not a proper plaintiff to the bill. While conceding for the purpose of argument that the bill might be sustained with the State of Maine as plaintiff, or by the Attorney-general in his official capacity, as representing the public interests, as plaintiff, the defendant, nevertheless, claims that it does not follow therefrom that such a bill can be maintained in the public interest with the county attorney as plaintiff therein.

We think this contention must prevail. The United States and the States composing it have inherited from the English Common Law, the officer known as the Attorney-general. In that Common Law, the duties of the Attorney-general, as chief officer of the realm, were numerous and varied. With reference to the duties of the Attorney-general in the different States, it is said in 2 R. C. L., 916, Paragraph 5: "Although in a few jurisdictions the Attorney-general has only such powers as are expressly conferred upon him by law, it is generally held that he is clothed and charged with all the common law powers and duties pertaining to his office, as well, except in so far as they have been limited by statute. The latter view is favored by the great weight of authority, for the duties of the office are so numerous and varied that it has not been the policy of the State Legislatures to attempt specifically to enumerate them; and it cannot be presumed, therefore, in the absence of an express inhibition, that the Attorney-general has not such authority as pertained to his office at common law. Accordingly, as the chief law officer of the State, he may, in the absence of some express legislative restriction to the contrary, exercise all such power and authority as public interests may, from time to time require, and may institute, conduct, and maintain all such suits and proceedings as he deems necessary for the enforcement of the laws of the states, the preservation of order, and the protection of public rights."

In our State, the Attorney-general is a constitutional officer, (See Constitution, Article 9, Section XI) and exercises common law powers.

In Pomeroy's Equity Jurisprudence, Section 1349, it is said: "A court of equity has jurisdiction to restrain existing or threatened public nuisances by injunction, at the suit of the Attorney-general in England, and at the suit of the state, or the people, or municipality, or some proper officer representing the commonwealth, in this country."

The question here is who is the proper officer representing the commonwealth, when the proceeding is not brought either in the name of the Attorney-general or the commonwealth.

By analogy, the argument might seem plausible that the county attorney, as he is called in this State, as well as the Attorney-general, might represent the State. In discussing the distinction between the prerogatives of the Attorney-general and the county attorney with reference to. representing the State 2 R. C. L., 914, Paragraph 2, under the caption, "Distinctions between Prosecuting attorneys and Attorneys-general" has the following: "The officer of prosecuting or district attorney unlike that of Attorney-general is of modern creation, with its duties chiefly prescribed by statute." Such is the distinction between the offices in this State. The county attorney is the sole creature of the statute. His duties are prescribed by the statute, enlarged only by the additional duties, incidental and necessary to carrying out those prescribed.

We find no statute in this State which authorizes the county attorney to bring a bill in equity in his own name for the abatement of a public nuisance, nor do we find any case or kindred case that has reached the courts for adjudication.

On the contrary, our statute by implication, under the rule of exclusion, would seem to negative the contention of the plaintiff in this case. R. S., Chap. 23, Sec. 1, defines certain places, acts and conditions to be common nuisances. With respect to the abatement of these nuisances, the statute then proceeds to say: "The Supreme Judicial Court shall have jurisdiction in equity, upon information filed by the county attorney or upon petition of not less than twenty legal voters of such town or city . . . . to restrain, enjoin or abate the same." The nuisances in the above section are all defined by statute, and the statutory right of the county attorney to proceed by information is confined to a process for the abatement of these particular forms of nuisance. The nuisance in the present case is not one of them.

It is obvious to the casual observer, if it was the purpose of the statute to authorize the county attorney to proceed in his own name for the abatement of all nuisances, that the authority conferred by the above statute, to abate the particular nuisances therein named, would merely be surplusage. He is nowhere given authority by statute to thus proceed to the abatement of any common law nuisance, nor of any other of the subsequently prescribed statutory nuisances, one of which embraces the very conditions which the present bill was brought to abate namely: "The erection, continuance or use of any building or place for the exercise of a trade, employment, or manufacture, which by noxious exhalations, offensive smells, or other annoyances, becomes injurious or dangerous to health, comfort or property of individuals or of the public."

We cannot avoid the conclusion, in view of the phraseology of the nuisance statute, that it was the intention of the Legislature to authorize the county attorney to proceed, in his own name, for the enforcement of that part of the nuisance statute relating to the execution of the prohibitory law, and to leave the enforcement of the other provisions to the usual and established method of procedure, in the name of the Attorney-general of the State.

*Jackson* v. *Norris*, 72 Ill., 364 and *Smith* v. *McDonald*, 148 Ill., 51, cited in the plaintiff's brief, are both cases brought by the county attorney in the name of the plaintiffs as relators, as is shown by the title of the cases. In the case of *Patterson* v. *Temple*, 24 Ark., 218, the court, in dismissing a bill brought in the name of the county attorney for the people, state their conclusion as follows: "We know of no law that authorizes Newton J. Temple, as a prosecution attorney, to bring his suit in behalf of the people in this state of Arkansas."

It is, however, held in *District Attorney* v. *Lynn & Boston R. R. Co.*, 16 Gray, 242 that the bill could be sustained in his name. The opinion says: "The authority of the Attorney-general or other law officer empowered to represent the government may file an information in equity, etc." But the question of a proper party to the bill was not raised in the case. We observe, no reason, however, in the present case, for leaving the well-beaten path of procedure, heretofore adopted and pursued in our own jurisdiction. Our conclusion is that the bill should be dismissed for want of a proper party.

*So ordered.*