B. H. COPELAND ET ALS *vs.* GEORGE H. STARRETT.

Knox.  Opinion February 18, 1928.

*Frank B. Miller,*
*Rodney I. Thompson,* for plaintiffs.
*Charles T. Smalley,* for defendant.

SITTING: WILSON, C. J., DUNN, BARNES, BASSETT, PATTANGALL, JJ.

DUNN, J.   When a town votes to pledge its credit or raise money by taxation or pay from its treasury any money for a purpose not authorized by law, or, for such purpose, any town officer or agent "attempts" to pay out the town's money, the equity jurisdiction of the Supreme Judicial Court, upon the petition or application of not less than ten taxable inhabitants of the town, may hear and determine the same. R. S., Chap. 82, Sec. 6, Cl. XIII.

These plaintiffs are ten taxable inhabitants of the town of Thomaston. The defendant is a judgment creditor of the town, whom the plaintiffs seek to prohibit and restrain from enforcing judgment, on the ground that at the time the debt, if it may be so called, which is merged in the judgment, was made by the town to the defendant, the indebtedness of the town already exceeded constitutional limitation. Con. of Maine, Art. XXXIV.

The owner of the judgment is the only defendant.

Of the facts alleged by the plaintiffs in their bill, the substance is that the present defendant brought an action of contract

against the town of Thomaston, in the Supreme Judicial Court in Knox county, and at the April (1927) Term recovered judgment for $3255.40. The court had jurisdiction, and the judgment was not set aside. Execution issued. The sheriff was commanded, for the want of goods and chattels wherewith to satisfy the execution, to levy upon real estate in the town, whether owned by the town or not, and sell so much of the real estate as might be necessary to pay the execution and the expense of the sale. The sheriff, who had certified his failure to find goods or chattels available, seized that Thomaston real estate which one Lois M. Creighton owned, and advertised that the real estate would be sold to satisfy the execution and charges. When Thomaston and the defendant had dealings, and before the debt to the defendant was incurred, the indebtedness of Thomaston exceeded the constitutional debt-limit.

There is prayer to enjoin the enforcement of the judgment, and for general relief.

Defendant demurred. The demurrer was sustained. Plaintiffs excepted.

It is unnecessary to consider whether the obtaining of a judgment against a municipality is the creation of a debt against it, within the meaning of the constitutional provision limiting the amount of indebtedness which a municipality may incur.

Neither the municipal corporation of Thomaston nor its officer or agent is party to this suit. A statute similar to that in Maine exists in Massachusetts. There it was held that the municipality must be a party. *Allen* v. *Turner*, 11 Gray, 436. By parity of reasoning, if the officer or agent of a town is concerned, he should be a party. Even if the town or its officer or agent were made a defendant, the result would be the same, because there appears no allegation in the bill that the town has done any of the acts enumerated in the statute, or that the officer or agent is "attempting" to misappropriate the town's money.

Taxpayers may be heard only when they bring themselves within the statute. *Johnson* v. *Thorndike*, 56 Maine, 32.

The court had no jurisdiction on the bill, and the demurrer was well sustained.

*Exceptions overruled.*