GUY V. DRUMMOND
*vs.*
INHABITANTS OF TOWN OF MANCHESTER

Kennebec.    Opinion, August 31, 1965.

*Sanford L. Fogg,* for Appellant.

*Seward B. Brewster,* for Appellee.

*Barnett I. Shur, amicus curiae.*

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, MARDEN, RUDMAN, JJ.

PER CURIAM

In 1964 plaintiff applied to the Municipal Officers of defendant town for a permit to establish and maintain upon his own property an automobile junkyard or graveyard so-called. After notice and hearing the permit was denied. Plaintiff then brought a complaint in the nature of a petition for declaratory judgment seeking a declaration of his rights under and an interpretation of the pertinent statutes. (Now 30 M. R. S. A., Secs. 2451 to 2458, inc.; formerly R. S., 1954, Chap. 100, Secs. 137 to 144, inc., as amended). As of February 8, 1965 the justice below ordered summary judgment for the plaintiff on his complaint declaring that the 1964 permit should have been granted subject to and conditioned upon reasonable rules and regulations affecting operation imposed by defendant. An appeal was taken thereto.

Sec. 2452 provides in part that a permit, if granted, "shall be valid only until the first day of the year following." It follows that the permit for 1964, in issue here, would not be affected by our decision. Conditions change from year to year under which such permits are granted or denied by municipal officers. Changes are also wrought by legislative amendment. We note with interest the enactment of P. L., 1965, Chap. 285 which amends the above-

cited statutes and adds a new section 2451-B which contains a definition of "automobile graveyard" not found in the original sections. It would be inappropriate for this court to give a purely advisory opinion with respect to a dead issue. The judgment below came too late and must be set aside. The case is moot.

*Appeal dismissed.*