**Everett PERKINS**

v.

**C. Rodney WARREN, Henry W. Black, Leroy F. Wood, Defendants and Third-Party Plaintiffs,**

v.

**Ernest SCOTHORN, Irving Cumming, Keith Wiley, Third-Party Defendants.**

Supreme Judicial Court of Maine.

Nov. 1, 1968.

Donald F. Fontaine, Portland, for plaintiff.

Charles E. Moreshead, Augusta, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DU-FRESNE, and WEATHERBEE, JJ.

MARDEN, Justice.

On appeal.

Appellant has a settlement for purposes of public aid in the Town of Naples, the Overseers of the Poor of which Town have been made third party defendants. While residing in the Town of Baldwin, the Overseers of the Poor of which Town being defendants and third party plaintiffs, he alleges that he fell into distress within the meaning of the pauper statute and applied to the Town of Baldwin for aid in November of 1967. It does not appear that the Town responded.

On January 31, 1968 appellant filed his complaint for review of the lack of administrative action of the Overseers of the Town of Baldwin, under the provisions of Rule 81(c) M.R.C.P.

He applied for aid again on February 14, 1968, claiming that his need for food and shelter required $20.00 per week. On

that date the Overseers of the Town of Baldwin gave him $20.00, together with a letter signed by them, in which they expressed on behalf of the Town a refusal to give assistance "after the 14th day of February" and continuing:

"Our reasons are as follows:

"That after the report of a medical examination, it is said that you are able to do light work, that you have not made sufficient effort to provide yourself with a job;

"Also that you own and operate an automobile which you seem to have money enough for gas and repairs.

"In view of these things we find it difficult to believe that you are in need of pauper assistance."

Following this, appellant filed on March 4, 1968 an amendment of his original complaint for review, which amendment attacked the Town's position as expressed in the letter. The complaint, as amended, seasonably was considered by a single Justice of the Superior Court, who dismissed it.

From such dismissal, complainant declares seven points of appeal, the gist of which is that he has a statutory right to relief, that his ownership of an automobile of little value as a mater of law is no bar to his eligibility for relief, and that the position of the defendant town is legally indefensible.

The third party defendants have taken no part in the proceeding.

Appellant, in substance, seeks a judgment declaring his rights under and an interpretation of the applicable statute. (22 M.R.S.A. § 4476)

To appellant's application on February 14, 1968 for public aid, relief was extended. As to whether on February 21, 1968 the appellant was destitute, the record is silent. As to what on February 21, 1968, assuming destitution on the part of appellant, the position of the defendant overseers was, we are not informed. They might not have found "it difficult to believe" that appellant was in need of public assistance.

Upon the record the declaration sought would be no more than an "advisory opinion with respect to a dead issue," Drummond v. Inhab. of Town of Manchester, 161 Me. 376, 212 A.2d 701, the giving of which must be declined. See Glidden v. Rines, 124 Me. 286, 288, 128 A. 4.

Appeal dismissed.