**Errol K. PAINE, County Attorney**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Nov. 7, 1969.

Errol K. Paine, County Atty., Bangor, for plaintiff.

William H. Clifford, Jr., County Atty., Auburn, amicus curiae.

Jon R. Doyle, Asst. Atty. Gen., Augusta, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE, and POMEROY, JJ.

MARDEN, Justice.

Petition for declaratory judgment to determine the effect of Chapter 473 P.L. 1969, "An Act to Provide for Full Time County Attorneys", reported on agreed statement of facts.

Our County Attorneys are chosen by the electorate of their respective counties for 2 year terms; serve as prosecuting attorneys in the name of the State within and for that County and execute the duties of their office on a part time basis while engaged in the private practice of law in a manner not inconsistent with their public obligations. The salary of these officers is paid by the State (30 M.R.S.A. § 2). The term of office of the present holders is January 1, 1969—December 31, 1970.

The increase in the duties of that public office and the need recognized by the legislature to improve its professional execution prompted the introduction of a measure (Legislative Document (L.D.) No. 1291) before the 1969 Legislature to provide for full time *District* Attorneys and Assistants appointed by the Governor and operating under the office of the Attorney General of the State at a stated salary. The proposed effective date of this measure was January 5, 1971, which would have permitted present incumbents to complete the term for which they had been elected and qualified. This measure came out of the Legislative Committee in a new draft and the new title of "An Act to Provide for Full Time County Attorneys" (L.D.No. 1610). This measure increased the salary of all County Attorneys, but in the six more populous counties of the State [1] required that the incumbent devote full time to the duties of the office. No effective date was expressed in the terms of the Act, but the appropriation for the fiscal year 1970–71, being exactly twice that for fiscal year 1969–70, leads to the conclusion that the 1969–70 appropriation was intended to cover the period January 1– June 30, 1970 and thus funded the Act from January 1, 1970. This Act is now Chapter 473 P.L. 1969, which is under consideration.

By terms of our Constitution, Article IV, Part 3, Section 16, the measures enacted by the 1969 Legislature became effective 90 days from the adjournment of the legislature, in this instance October 1, 1969, unless otherwise provided. The County Attorney of Penobscot, joined by the County Attorney of Androscoggin as *amicus curiae,* challenges the effect of this statute insofar as it requires them to devote full time to the duties of the office.

Plaintiff contends that the law abolishes the office to which incumbents in the six counties were elected and must be treated as prospective, effective January 1, 1971, inasmuch as the statute provides for the replacement of a County Attorney by executive appointment only when the office becomes vacant "by reason of the death, permanent incapacity or removal from the county of the incumbent of the office," 30 M.R.S.A. § 552, and that this abolition of the subsisting office under the new law would leave the office vacant until a choice of his successor at the next election (1970) to take office January 1, 1971. He concedes that 30 M.R.S.A. § 551 authorizes the Court to appoint a temporary County Attorney to serve during a session of court "(w)hen the county attorney does not attend a criminal session or the office is vacant."

*Amicus curiae* points out that if the County Attorney is a "County" Officer, the statute, 30 M.R.S.A. § 3,[2] prohibits any increase in salary "until January 1st of the year next succeeding the recess of the session of the Legislature passing such salary increases." This would require all County Attorneys to forego salary increases until January 1, 1970, ten of the County Attorneys being required to execute the duties of their office until that time at a rate of pay substantially less than that newly authorized by the Legislature, and as to the six County Attorneys required to give up private practice of law, at a rate of approximately one half the new pay scale.

The Legislative Record indicates that another measure (L.D.No.1377) [3] before the legislature, intended to increase salaries of the County Attorneys retroactive to January 1, 1969 and to cover the interim period until January 5, 1971, (the effective date specified in L.D. 1291 which provided for full time *District* Attorneys) failed of enactment. It may be inferred that the omission of a specified effective date in L.D. 1610,—the new draft of L.D. 1291, was

---

1. Androscoggin, Aroostook, Cumberland, Kennebec, Penobscot, York.

2. Enacted after extensive debate in 1963 and appearing as Chapter 353 P.L.1963.

3. An Act Increasing Salaries of County Attorneys and Assistant County Attorneys.

over-looked. All of this occurred during the press of the pre-adjournment hours.

Preliminarily consideration may be given to the category into which the office of County Attorney falls. If it be a state office, the proscription of 30 M.R.S.A. § 3 would not apply and the new salaries would be payable as of October 1, 1969 coincidental with the effective date of the Act.

"A state officer has been defined as one whose field for the exercise of his jurisdiction, duties, and powers is coextensive with the limits of the state, and extends to every part of it. But in a more enlarged legal sense, he is one who receives his authority under the laws of the state, and whose duties concern the state at large or the general public, even though they may be exercised in a territory not coextensive with the state." 42 Am.Jur., Public Officers § 20.

▮▮▮ Our county attorneys might be held to fall within the terms of the "enlarged" definition but only in a very broad sense. It might be said that the prosecution of the criminal laws in county "A" do "concern the state at large or the general public" (See, however, State v. Lane & Libby Fisheries Company, 120 Me. 121, 123, 113 A. 22) but traditionally the county attorney is a county officer, he is chosen by the people of his county, is answerable to them at the polls and his professional attention is confined to county business and the prosecution of criminal matters originating in his county. The fact that the state pays him is not controlling.

"Compensation does not constitute any part of the public office to which it is annexed. It is a mere incident to the lawful title or right to the office, * *." 43 Am.Jur., Public Officers § 342.

Nor do the powers reposing in the Attorney General (5 M.R.S.A. § 191 et seq) as chief law officer of the State, *Lane & Libby, supra,* at page 123, 113 A. 22, necessarily change the public character of the office. It is to be noted that in Chapter 397 P.L. 1965, which increased salaries of county officers generally in all counties, county attorneys were included and the salaries were effective the first of the next January.

"The office of county attorney is the creature of the legislature. It exits (exists) only by virtue of the statute, which fixes its tenure, prescribes its duties and determines its compensation." The will of the legislature "may change its duties, diminish its compensation or repeal the statute by force of which alone it exists, and no vested rights will thereby be impaired." Rounds, Petitioner, v. Smart, 71 Me. 380, 384, reiterated in Watts Detective Agency, Inc. v. Inhabitants of County of Sagadahoc, 137 Me. 233, 236, 18 A.2d 308.

The intent of the Legislature was to strengthen the law enforcement system and, upon failure of L.D. 1291 (District Attorneys) to survive committee consideration, to do the next best in a) making forthwith the office more attractive salary-wise, b) requiring the attorneys of the larger counties to devote full time to the office, and c) by funding the salary increases effective January 1, 1970 in lieu of L.D. 1377 which was indefinitely postponed after the enactment of L.D. 1610.

If operation of this law results in the resignation of county attorneys who cannot justify the relinquishment of private practice to give the office full time, the system is not forced to do with temporary substitute prosecuting attorneys under 30 M.R.S.A. § 551.

30 M.R.S.A. § 451 provides that vacancies in the office of County Attorney shall be filled in the same manner as vacancies in the Board of County Commissioners. 30 M.R.S.A. § 101 dealing with County Commissioners provides that in case of a vacancy it may be filled by appointment "by the Governor with the advice and consent of the Council."

It is held therefore that Chapter 473 P.L. 1969 becomes effective January 1, 1970.

So ordered.