Jon A. LUND, Attorney General For the State of Maine, ex rel. Evelyn M. WILBUR

v.

Norman G. PRATT.

Supreme Judicial Court of Maine.

July 31, 1973.

Ranger & McTeague by Orville T. Ranger, Brunswick, for plaintiff.

Pelletier & Runyon by Elmer E. Runyon, Sanford, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

DUFRESNE, Chief Justice.

The instant case was reported to the Law Court under Rule 72(a), M.R.C.P. upon the complaint, answers, agreed statement of facts and stipulation of the parties, for this Court to render such decision as the rights of the parties require.

The complaint states that the action is brought under the provisions of Rule 81 of the Maine Rules of Civil Procedure. The parties, in their agreed statement of facts, so expressly characterize the nature of the complaint and more specifically advance, as the ultimate purpose of these proceedings, their desire to obtain a determination, whether the defendant, Norman G. Pratt, is entitled to hold simultaneously the office of municipal assessor of the Town of Parsonsfield and that of Representative to the Legislature of the State of Maine from the class towns of Cornish, Limerick, Newfield, Parsonsfield, Shapleigh and Waterboro.

The complaint is dated July 14, 1971 and the report of the case January 17, 1972. The case was argued before the Law Court at the May term, 1972. The defendant's term of office as municipal assessor had already expired in March 1972. His term as Representative to the Legislature terminated when the 106th Legislature convened in January 1973. The report is discharged.

The caption of the case indicates that the action is being brought in the name of the Attorney General for the State of Maine on behalf of one Evelyn M. Wilbur, Plaintiff *of Parsonsfield, York County, State of Maine*. The individual plaintiff, albeit through the Office of the Attorney General, seeks the following relief:

1) a determination whether the offices of Representative to the Legislature and Municipal Assessor are incompatible;

2) a resolution of the question whether and for what periods defendant's acts as Representative and Assessor are void;

3) a decree ordering the defendant to return to the State of Maine and the Town of Parsonsfield respectively all amounts paid to defendant which he received while serving in the incompatible offices; and

4) costs and such other and further relief which justice may require.

Initially, let us say that the pleadings nowhere disclose the interest of Evelyn M. Wilbur in the maintenance of the action. It is not suggested that she is contesting either office to which the defendant was elected. Although the parties have stipulated the moneys received by the defendant in each office during the respective years 1969, 1970 and 1971, her authority to prosecute this collection proceeding for the Town of Parsonsfield or for the State of Maine is not disclosed. Neither the State of Maine as such, nor the Town is a party

to the action. The pleadings are silent respecting the particular interest of the individual plaintiff, whether arising out of her right to vote or of her duty to pay taxes in the Town of Parsonsfield, or otherwise. As a matter of fact, her possible interest as a resident only appears in the caption.

■■ The caption of a complaint constitutes no part of the statement of the cause of action, and the rights of the parties to relief cannot be made to depend upon what may appear in the caption of the case. The caption is no part of the pleading, unless made so by express reference thereto in the pleading itself. See, McDonough v. Waxman, 1930, 103 Cal. App. 169, 284 P. 482; Savannah Sugar Refining Company v. Royal Crown Bottling Co., 1963, 259 N.C. 103, 130 S.E.2d 33; Cook v. Wheeler, 1920, Mo.App., 218 S.W. 929; Jenkins v. Pullman Co., 1938, 9 Cir., 96 F.2d 405; Jackson v. Ashton, 1834, 8 Peters 148, 8 L.Ed. 898.

■ True, an appendix to one of the briefs would indicate that the individual plaintiff was an assessor with the defendant for the Town of Parsonsfield. Briefs are merely written arguments and are no part of the pleadings. City of New Orleans v. DiBenedetto, 1962, La.App., 144 So. 2d 558. Neither the complaint, the agreed statement of facts, nor the stipulation of the parties carries such information. Our rules of civil procedure do not sanction such loose informational technique in connection with matters determinative of the standing of parties to an action.

The individual plaintiff, whose particular interest in the subject matter of this litigation remains undisclosed, in effect is contesting, in the name of the Attorney General of the State of Maine, the right of the defendant as a de facto officer to hold certain municipal and legislative offices and is further seeking from this Court, through declaratory judgment or other affirmative remedial relief, remittance, to the municipality or the State respectively, of all remuneration received while holding allegedly incompatible municipal and legislative offices.

■ Since the individual plaintiff makes no claim to either office on the ground that she was elected, and is entitled by law, to the same, we are not involved with the defendant's right originally to hold either office. No private person, under our statutes regulating contested claims to elective office, has standing to oust any holder of the office except the defeated candidate who can show that he himself was actually elected. See, Marden v. City of Waterville, 1967, Me., 226 A.2d 369; Heald v. Payson, 1913, 110 Me. 204, 85 A. 576.

To pinpoint with more precision the limited standing of private persons to litigate official wrongdoing, injunctively or remedially, we may repeat what we said in von Tiling v. City of Portland, 1970, Me., 268 A.2d 888:

"In examining the status of citizens who seek relief against municipal action, our Court has distinguished between preventive and remedial relief. Individual tax payers of a municipal corporation have not ordinarily the right to sue for remedial relief where the wrong for which they seek redress is one which affects the entire community and not specifically the individuals bringing the action. Where the injury claimed is one shared equally by all the members of the community the action must be brought by the Attorney General of the State as representative of not only the particular Plaintiffs who seek remedial relief but the entire community."

Furthermore, at common law, private individuals without the intervention of the Attorney General of the State cannot, either as of right or by leave of court, institute quo warranto proceedings or action in the nature thereof to test the right of an officer to the public office he holds. Burkett, Petitioner, ex rel. Leach v. Ulmer, 1940, 137 Me. 120, at 122, 15 A.2d 858.

■ The Attorney General, in this State, is a constitutional officer endowed with common law powers. See, Constitution of Maine, Article IX, Section 11. As the chief law officer of the State, he may, in the absence of some express legislative restriction to the contrary, exercise all such power and authority as public interests may, from time to time require, and may institute, conduct, and maintain all such actions and proceedings as he deems necessary for the enforcement of the laws of the State, the preservation of order, and *the protection of public rights*. See, State v. Lane & Libby Fisheries Company, 1921, 120 Me. 121, at 123, 113 A. 22.

■ Under his common law powers, the Attorney General, on his own motion or at the relation of any person, but on his official responsibility, can initiate in his discretion proceedings the purpose of which is to inquire by what authority one claiming or usurping a public office can support his claim to the office or sustain his right thereto. The common law method for doing so was by use of the writ of quo warranto or through an information in the nature thereof in behalf of the State. Prince v. Skillin, 1880, 71 Me. 361. The Attorney General is an essential party to the institution and maintenance of such common law process which, no matter what the nature or extent of the interest the relators might have therein, remains subject to his absolute control. State of Maine v. Elwell, 1960, 156 Me. 193, 163 A. 2d 342; State of Maine v. Marcotte, 1952, 148 Me. 45, 89 A.2d 308.

■ With the abolition of the writ of quo warranto (Rule 81, (c) M.R.C.P.), the

same relief as was obtainable under common law process must now be sought by appropriate complaint,[1] which was done in the instant case.

The facts giving rise to this litigation may be summarized as follows:

The defendant was elected as a Representative to the Legislature of Maine from the class towns of Cornish, Limerick, Newfield, Parsonsfield, Shapleigh, and Waterboro in November, 1968 and qualified as such in January, 1969. During the term of the 104th Legislature, to wit, on September 19, 1970, the defendant was elected to the offices of Selectman, Assessor and Overseer of the Poor for the Town of Parsonsfield to fill out the unexpired term of his predecessor who had resigned. He qualified for each municipal office and served therein until the term expired in March, 1972. The claim is made that the defendant forfeited his legislative office when in September, 1970, he accepted the office of Assessor for the Town of Parsonsfield on the ground that the offices are incompatible, and that the defendant should be made to reimburse the State of Maine a proportionate part of the legislative salary and expenses received by him in the performance of his legislative duties as may be apportioned to the period of the legislative term when the defendant had legally forfeited the office.

Following his qualification as an Assessor of the Town of Parsonsfield in September, 1970, the defendant again was elected as a Representative to the Legislature and qualified as a member of the 105th Legislature on January 6, 1971. The claim is made that the defendant forfeited his municipal office of assessor when he

---

1. Rule 81, (c) Scire Facias and Certain Extraordinary Writs Abolished.

"The writs of scire facias, mandamus, prohibition, certiorari, and quo warranto are abolished. Review of any action or failure or refusal to act by a governmental agency, including any department, board, commission, or officer, shall be in accordance with procedure prescribed by Rule 80B. *Any other relief heretofore available by any of such writs may be obtained by appropriate motion or action under the practice prescribed by these rules*. In any proceedings for such review or relief in which an order that an agency or other party do or refrain from doing an act is sought, all provisions of these rules applicable to injunctions shall apply." (Emphasis supplied.)

took his seat in the House of Representatives in January, 1971 on the ground that the offices are incompatible, and that the defendant should be made to pay back to the Town of Parsonsfield the salary he received as town assessor for the year 1971.

The individual plaintiff's theory for the relief sought is based on the legal principle that when the second office of incompatible offices is accepted, the first office is thereby vacated. Lesieur v. Lausier, 1953, 148 Me. 500, 96 A.2d 585. We do not reach the merits of plaintiff's contention.

■ Even though the Attorney General, on his own motion or at the relation of the individual plaintiff, in his capacity as attorney general of the State of Maine, could properly test the defendant's right to hold the municipal office of assessor following the defendant's qualification as a Representative to the Legislature, when the instant proceeding was initiated on July 14, 1971, nevertheless, since the defendant's term of office as assessor expired in March, 1972, some two months before this Court heard the arguments of the parties, no relief in the nature of an ouster of the defendant from office could possibly be decreed and the case became moot from that point of time. As stated in Cummings v. Eastman, 1927, 126 Me. 147, 136 A. 810:

> "The respondent in the instant case being already out of office, the term having expired, if the relator were entitled to judgment, a judgment of ouster, the only judgment which would be proper here, would be superfluous, and so far as the case discloses, would avail the relator nothing. As no fine can be imposed or damages recovered, the recovery of costs alone is not sufficient to warrant the retention of the case."

■ The individual plaintiff contends that the issue should be decided, notwithstanding its mootness, on the theory that the Court may render a declaratory judgment under 14 M.R.S.A., §§ 5951–5963 and Rule 57, M.R.C.P. Our declaratory

judgment statute, although worded in general terms, is operative only in cases where a genuine controversy exists. The existence of a controversy is essential in any case, for otherwise this Court would be merely giving an advisory opinion without authority of law. Canal Nat. Bank v. School Administrative Dist. No. 3, 1964, 160 Me. 309 at 323, 203 A.2d 734; LaFleur ex rel. Anderson v. Frost, 1951, 146 Me. 270, 80 A.2d 407; Maine Broadcasting Co. v. Eastern Trust and Banking Co., 1946, 142 Me. 220, 49 A.2d 224. The expiration of defendant's term of office has removed any active controversy from the case.

■ An appellate court will not decide moot questions or abstract propositions. Hazzard v. Westview Golf Club, Inc., 1966, Me., 217 A.2d 217 at 224; Drummond v. Inhabitants of Town of Manchester, 1965, 161 Me. 376, 212 A.2d 701.

■ Is the action maintainable to compel the defendant to reimburse the town for the salary received for acting as assessor? We answer in the negative. In the instant case, the remedial relief asserted involves in no way malfeasance in office on the part of a public officer, nor the breach of a public trust, nor the withholding of public funds. At best, it seeks for the town recovery of funds paid to a de facto officer originally legally elected for services rendered in good faith. The theory upon which this aspect of the complaint is grounded is that moneys paid to a de facto officer under mistake of law (if there was a forfeiture of office) is recoverable by the municipality which paid the same. See, City of Biddeford v. Benoit, 1929, 128 Me. 240 at 250, 147 A. 151. The case of Burkett v. Blaisdell, 1941, 137 Me. 200, 17 A.2d 460, is distinguishable, for that case involved a misappropriation of public funds.

Our Court, in Eaton v. Thayer, 1925, 124 Me. 311 at 315, 128 A. 475 at 477 has approved the language of Judge Dillon (4 Dillon on Mun.Corp., 5th Ed., Section

**560**

1577) to the effect that " 'the weight of authority seems to be that the Attorney General of a State, or its other public law officer, has by virtue of his office the right in his name, or in the name of the State, *upon the relation of persons interested,* to bring in cases which are properly of equitable cognizance and which affect the public, a bill in equity to prevent municipal corporations from exceeding the line of their lawful authority, or to have their illegal acts set aside or corrected' " (Emphasis added). Again in Burkett v. Blaisdell, supra, this Court further approved the language of Dillon at Section 1586 of his treatise:

" 'But it is substantially agreed that any taxable inhabitant, or perhaps any citizen of the municipality, has such an interest to prevent or to avoid illegal or unauthorized corporate acts that he may be a relator, on whose application the proper public officer of the Commonwealth may, on behalf of the public, file the requisite bill in cases which fall within the jurisdiction of equity, to enjoin the menaced illegal or wrongful act, or if it has been consummated, to have relief against it.' " (137 Me. 200 at 202, 17 A.2d 460 at 461).

In the instant case, the individual plaintiff has disclosed in the pleadings no interest whatsoever to support her standing as a relator. The Town of Parsonsfield could possibly maintain a complaint (in the nature of an action at law instead of one cognizable in equity under the former practice) for the recovery of the salary paid out to the defendant, provided it sustained the basic legal proposition that the offices of assessor and representative to the legislature are incompatible. The Town of Parsonsfield is not a party to the present proceedings, and issues of vital importance to the town should not be resolved without its participation in the action. See, Copeland v. Starrett, 1928, 127 Me. 18, 140 A. 689.

Where a cause of action accrues in favor of a municipal corporation for restitution of moneys misappropriated by unfaithful officials and the governing authorities unjustly refuse to proceed to make good the injury caused by their corrupt conduct, it may be that such officials may then be brought to book by the attorney general on his own motion without the intervention of a relator having some legitimate interest in protecting the fiscal integrity of the public treasury and without the necessity of making the municipal corporation a party. We do not however intimate our position on such an issue. We recognize, however, that it is in the public interest that persons who accept the public trust of municipal office will do so without fear of unjustified harassment from private individuals for restitution to the public treasury of their remuneration for faithful performance of duty. Where no misappropriation of public funds is involved, the municipality is an indispensable party to such suits. All persons are to be made parties who are legally or beneficially interested in the subject matter and result of the suit. See, Medico v. Assurance Corp., 1934, 132 Me. 422, 172 A. 1; Angell v. Gilman, 1949, 144 Me. 202 at 205–206, 67 A.2d 15.

The individual plaintiff, in the name of the Attorney General, further seeks a determination whether the defendant forfeited his legislative office by his acceptance of the allegedly incompatible municipal office of assessor. The Attorney General has no standing, either on his own motion or at the instigation of an interested relator, to test judicially the qualifications of members of the legislature.

The Constitution of Maine declares (Article IV, Part Third, Section 3) that "each House shall be the judge of the elections and qualifications of its own members." This power is exclusive and plenary. Opinion of the Justices, 1961, 157 Me. 98, 170 A.2d 657; Opinion of the Justices, 1948, 143 Me. 417, 88 A.2d 151.

In State ex rel. Ford, Attorney General, v. Cutts, 1917, 53 Mont. 300, 163 P. 470,

the Montana Court in a per curiam opinion amplified the constitutional impact of the separation of powers in this language:

> "Each House is the judge of the ultimate right of persons claiming seats as members thereof . . . and its decision, right or wrong, is conclusive upon us . . . Being powerless to enforce any judgment of ouster against a person recognized by either House as a member thereof, the utmost we could do would be to decide an abstract question of law; the courts of this state are not instituted for that purpose."

■ This power of the House of Representatives is not exhausted when once it has been exercised and a member admitted to his seat. It is a continuous power, and runs through the entire term and may be exercised at any time when the present qualifications of any of its members are brought into question for any reason, including forfeiture of the office.

In The State ex rel. Martin v. Gilmore, 1878, 20 Kan. 551, 27 Am.Rep. 189, the Kansas Court faced the same problem submitted to us and disposed of it in these words:

> "[A]cceptance of a Federal office vacates a member's seat. He ceases to be qualified, and of this the house is the judge. If it ousts a member on the claim that he has accepted a Federal office, no court or other tribunal can reinstate him. If it refuses to oust a member, his seat is beyond judicial challenge."

■ The defendant's title to the office of Representative to the Legislature being immune from judicial attack, the emoluments of the office, as well as the expenses incidental thereto, are beyond challenge in these proceedings.

The entry will be

Report discharged.

All Justices concurring.