ENTERED JUL 2 8 2014

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-14-137
JAW-CUM-06-06-14

ROBIN T. BORN

       Plaintiff

v.

COLIN G. TREWORGY, Trustee

       Defendant.

ORDER ON MOTION
TO AMEND CASE
CAPTION

STATE OF MAINE
Cumberland ss. Clerk's Office

JUN 09 2014

RECEIVED

This matter is before the Court on plaintiff's motion to amend the case caption. The court heard argument on June 3, 2014.

### Background

This case began in the Cumberland County probate court. On January 8, 2014, plaintiff Robin Born filed a complaint to compel former trustee to deliver property pursuant to 18-B M.R.S.A. § 201(3). Probate Judge Mazziotti issued an order finding that plaintiff Born had standing to commence the action as the new trustee of the three trusts involved in the case. Judge Mazziotti likened the case "to the termination of an employee where an employment contract allows termination only for just cause." (3/10/14 Order, at 6.) He found that, while Robin became the new trustee when she unilaterally dismissed Colin Treworgy as trustee, the court nevertheless had jurisdiction to determine whether "Robin, as successor trustee, acted in good faith and in accordance with the purposes and dictates of the trusts in dismissing Colin." (Id.) Put another way, the trust documents allowed Born to dismiss Treworgy, but the court must determine whether the dismissal was warranted.

## Discussion

A court is not in any way limited in declaring the rights of the parties because of the caption in a case. See Lund ex rel. Wilbur v. Pratt, 308 A.2d 554, 557 (Me. 1973) ("The caption of a complaint constitutes no part of the statement of the cause of action, and the rights of the parties to relief cannot be made to depend upon what may appear in the caption of the case."). The court need not get into the merits of the dispute at this state of the case. A fair reading of Judge Mazziotti's order is that plaintiff Robin Born is the current trustee, unless determined otherwise, because she exercised her rights to dismiss defendant Colin Treworgy as trustee.[1] Accordingly, the court will grant plaintiff's motion.

Changing the case caption does not limit the court's ability to resolve the dispute over whether Robin Born acted in good faith in dismissing Treworgy or whether Colin Treworgy breached his fiduciary duties as trustee. Determining the appropriate remedy, including whether Colin Treworgy should be reinstated as trustee, will be resolved at the appropriate time.

The entry is:

It is ORDERED that the caption in this case is amended as follows:

ROBIN T. BORN, Trustee,

Plaintiff

v.

COLIN G. TREWORGY,

Defendant.

---

[1] Defendant argues that the Court is not bound by the Probate Judge's ruling because the case starts anew in the Superior Court. Rule 71A of the Maine Rules of Probate Procedure provides, "[a]ny order of the Probate Court entered prior to removal shall remain in force until modified by the Superior Court." M.R. Prob. P. 71A(c). At this time, the order entered in the Probate Court is still in force.

2

Dated: 6/6/14

Joyce A. Wheeler
Justice, Superior Court

Plaintiff-Dennis O'Donovan Esq
Defendant-John Colby Wallace Esq