**SANFORD TEACHERS ASSOCIATION**

v.

**SANFORD SCHOOL COMMITTEE et al.**

Supreme Judicial Court of Maine.

Dec. 27, 1979.

Sunenblick, Fontaine & Reben by Stephen P. Sunenblick (orally), Portland, for plaintiff.

Drummond, Woodsum, Plimpton & MacMahon, P. A. by Harry R. Pringle (orally), Hugh G. E. MacMahon, Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

PER CURIAM.

On this appeal Sanford Teachers Association seeks the decision of this court on the validity of the use of a so-called zipper clause in a collective bargaining agreement for public employees. Because of events occurring prior to the entry of judgment in the Superior Court, this litigation has been mooted, and we cannot reach the merits of the appeal. We sustain the appeal for the purpose of vacating the judgment of the Superior Court.

During the school year 1975–76 plaintiff Association was the collective bargaining agent for teachers within the Sanford school system. In December, 1975, defendant Sanford School Committee, for budgetary reasons, voted to eliminate six teaching positions. The Association thereupon requested negotiation of the "impact" of those terminations, and the School Committee declined. On March 8, 1976, the Association filed a prohibited practices complaint with the Maine Labor Relations Board, alleging that the School Committee had failed to bargain in good faith in violation of 26 M.R.S.A. § 964(1)(E) by refusing to negotiate over the impact of the layoffs. On October 26, 1976, the Board rendered its final decision dismissing the prohibited practices complaint. It held that the zipper clause contained in the collective bargaining agreement[1] was valid and relieved the School Committee from any obligation to bargain for modifications or additions to the agreement during its term.

On November 10, 1976, the Association appealed to the Superior Court pursuant to 26 M.R.S.A. § 968(5)(F). Exactly two years later, the Superior Court denied the appeal, holding that the Board's finding with respect to the meaning of the zipper clause was not clearly erroneous and rejecting the Association's argument that the zipper clause violated public policy. The Association took a timely appeal to this court.

However, during the pendency of the matter before the Superior Court, namely, on September 14, 1978, a "decertification/bargaining agent election" was held for the Sanford teachers. As a result of the election the Sanford Federation of Teachers, AFT Local No. 3711 (AFL–CIO) was declared by the Maine Labor Relations Board to be the duly certified bargaining agent, and plaintiff Association was decertified. Also, the collective bargaining agreement in effect at the time of the layoffs voted in December, 1975, had expired in 1977.

---

1. The zipper clause in the contract between the Association and the School Committee provided:

   All matters not dealt with herein shall be treated as having been brought up and disposed of and the Committee shall be under no obligation to discuss with the Association any modifications or additions to this Agreement which are to be effective during the term thereof.

■ · At the time of the Superior Court's judgment on November 10, 1978, the subject matter of the Association's appeal to the Superior Court had been mooted by supervening events. In that appeal, the Association sought a reversal of the Board's denial of the Association's prayer that "the defendant School Committee be ordered to bargain in good faith with the *Association* over the impact of budget cuts." (Emphasis added) By virtue of the decertification election that relief could no longer be granted to the Association since only the newly certified union could after September 14, 1978, legally negotiate on behalf of the Sanford teachers.[2] The new union has not been joined in this litigation, nor has the Association made any attack here or elsewhere upon the validity of the September 14, 1978, election by which it was decertified and superseded. There is nothing before us to establish that specific employees are being injured as a result of the alleged prohibited practice or that in this litigation any relief on that account could be granted to the Association, the only party plaintiff.

■ · From anything that the parties have made to appear, there is no relief the Maine Labor Relations Board could now give the Association even in the event it prevailed on its appeal to the Superior Court and later to the Law Court. Under these special circumstances, the Association is asking us to decide an abstract question (namely, the validity of the zipper clauses) that has lost its controversial vitality. *State v. Gleason*, Me., 404 A.2d 573, 578 (1979). We "will not decide moot questions or abstract propositions." *Lund ex rel. Wilbur v. Pratt*, Me., 308 A.2d 554, 559 (1973).

■ We would call attention to the statutory direction for expeditious handling of appeals from the Maine Labor Relations Board. 26 M.R.S.A. § 968(5)(F) prescribes that the Superior Court "shall set the complaint down for hearing at the earliest pos-sible time," and any appeal to the Law Court is given the same priority treatment that is accorded to appeals from preliminary injunctions in labor disputes under 26 M.R.S.A. § 6. In the case at bar, the expedited procedure, if it had been invoked by the parties, would probably have resulted in a Law Court decision prior to the decertification election. The present case does not present the situation that sometimes justifies deciding a moot case because it involves a frequently recurring question that would otherwise "escape review . . . because of [its] fleeting or determinate nature . . . ." *State v. Gleason, supra* at 578.

By declining for mootness to reach the merits of the validity of zipper clauses, we are not expressing any opinion, one way or the other, on the holding of the Maine Labor Relations Board that such clauses are valid. That question must remain open pending the presentation of the question in litigation between parties where its decision will make a difference.

The entry must be:

Appeal sustained.

Judgment of the Superior Court vacated.

Remanded to the Superior Court for entry of the following judgment: "Plaintiff's appeal from the decision of the Maine Labor Relations Board is dismissed for mootness."

Costs allowed to neither party.

ARCHIBALD, J., did not sit.

---

2. The union that is the majority choice is the exclusive bargaining agent for the employee group. · *See* 26 M.R.S.A. §§ 962(2), 964(1)(E), 965(1) (1974). *Cf.* 29 U.S.C. § 159(a) ("Representatives designated or selected . . . by the majority of the employees in a unit appropriate for such purposes, shall be the exclusive representatives of all the employees in such unit").