Stephen A. **EDWARDS**

v.

Arthur A. **BLACK, Jr.,** d/b/a Black's Auto Sales.

Supreme Judicial Court of Maine.

Argued May 15, 1981.

Decided May 27, 1981.

Thomas F. Kinnelly, Raymond, (orally) John F. Dana, Asst. Atty. Gen., Consumer and Antitrust Division, Augusta, (Amicus Curiae), for plaintiff.

Peter J. Becker, Bridgton, (orally) for defendant.

Before WERNICK, NICHOLS, ROBERTS and CARTER, JJ.

ROBERTS, Justice.

Stephen Edwards appeals from the dismissal of his complaint in Superior Court (Cumberland County) for failure to state a claim upon which relief can be granted, M.R.Civ.P. 12(b)(6). Because we hold that the complaint does state a claim, we vacate the judgment of dismissal.

Edwards' complaint alleges that in 1975 Arthur Black, Jr. (d/b/a Black's Auto Sales) sold him a car to which Black did not have good title; and that Black "impliedly and expressly, represented to Plaintiff that he had good title to said vehicle...."

Alleging that he had relied upon that material representation, Edwards sought restitution, attorney's fees and costs pursuant to the Unfair Trade Practices Act, 5 M.R.S.A. §§ 206–214 (1979).

Black responded by filing only a motion to dismiss pursuant to M.R.Civ.P. 12(b)(6). At the hearing on his motion Black argued that "insofar as this claim is based on the Unfair Trade Practices Act it does not state a cause of action." The Superior Court justice ruled that to state a claim under the Unfair Trade Practices Act, the plaintiff would have to allege "some degree of recklessness, negligence, or something...." He granted Black's motion and dismissed the complaint in its entirety.

We have previously said that "In order to state a claim upon which relief can be granted, a complaint must aver either the necessary elements of a cause of action or facts which would entitle a plaintiff to relief *upon some theory.*" *E.N. Nason, Inc. v. Land-Ho Development Corp.*, Me., 403 A.2d 1173, 1177 (1979) (emphasis added). Edwards' complaint alleges facts which would entitle the plaintiff to relief for breach of warranty.[1] In dismissing the complaint, the Superior Court justice may have granted Black greater relief than he was seeking; at argument Black had attacked the complaint only insofar as it was based upon the Unfair Trade Practices Act. Since the complaint does state a claim, the dismissal was erroneous.

We do not decide whether this complaint also states a claim under the Unfair Trade Practices Act. We have often stated that we will not decide abstract propositions. *E. g., Sanford Teachers Association v. Sanford School Committee*, Me., 409 A.2d 244, 246 (1979); *Lund ex rel. Wilbur v. Pratt*, Me., 308 A.2d 554, 559 (1973). The scope of the Unfair Trade Practices Act has yet to be clearly defined by this Court; its limits can best be drawn on a case-by-case basis in which the issues are sharply focused in light

---

1. Although his brief on appeal suggests a statute of limitations bar to Edwards' claim, Black asserted no affirmative defense under M.R. Civ.P. 8 in his motion to dismiss.

of specific fact situations.[2] *See generally United Public Workers v. Mitchell*, 330 U.S. 75, 89–92, 67 S.Ct. 556, 564–565, 91 L.Ed. 754 (1946). Here we are presented solely with the bare allegations in the complaint. We decline to accept the parties' invitation to reach out and render what might well be an advisory opinion interpreting the Unfair Trade Practices Act.

The entry is:

Judgment vacated.

Remanded to Superior Court for further proceedings in accordance with the opinion herein.

All concurring.

2. For example, when we pointed out at oral argument that on the pleadings present possession of the car was unclear, we learned that a purchaser from Edwards had sued him in the District Court and that Edwards had filed a third party action against Black. That action has apparently been tried, but the judgment against the plaintiff therein is not yet final. None of these facts are even suggested in the record before us.